IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I. LIONEL SELZER,<br><br>  Plaintiff,<br><br> v.<br><br>INDYMAC MORTGAGE SERVICES, et al.,<br><br>  Defendants.<br>_____ / | No. C 09-04426 JSW<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

  Now before the Court is the application for a temporary restraining order ("TRO") filed by Plaintiff I. Lionel Selzer. To obtain a temporary restraining order, Plaintiff, as the moving party, has the burden of demonstrating "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)).

  The Ninth Circuit has held that the foreclosure of real property constitutes irreparable injury. *Sundance Land Corp. v. Comty First Fed. Sav. & Loan Ass'n,* 840 F.2d 653, 661 (9th

1  Cir. 1988) (finding that damages would be inadequate because the real property was unique);

2  *see also Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111, *3 (S.D. Cal. Nov. 21,

3  2007) ("The court finds that the imminent foreclosure of Plaintiff's residence presents a threat of

4  irreparable harm."). However, Plaintiff must also demonstrate a probable success on the merits

5  of his claims *or* that serious questions exist as to success on the merits of his claims and that the

6  balance of hardships tips in his favor. Plaintiff has not yet done so. In fact, Plaintiff's

7  application does not even mention what Plaintiff's claim are, let alone demonstrate a likelihood

8  of success of the merits on the elements of his claims. Therefore, the Court DENIES Plaintiff's

9  application for a TRO without prejudice. The Court directs Plaintiff to file an amended

10 application for a TRO by no later than 10:00 a.m. on Tuesday, October 27, 2009 and to deliver

11 a copy directly to chambers by no later than 10:30 a.m. on October 27, 2009..

12     If Plaintiff timely files an amended application for a TRO, Defendants Indymac

13 Mortgage Services and One Bank West shall file a response to Plaintiff's TRO application by

14 no later than October 30, 2009 by 10:00 a.m. Defendants shall deliver a copy of their

15 opposition papers directly to chambers by no later than 10:30 a.m. on October 30, 2009.

16 Plaintiff shall file his reply, if any, by no later than 10:00 a.m. on November 2, 2009 and deliver

17 a copy directly to chambers by 10:30 a.m. on November 20, 2009.

18     If Plaintiff files an amended application for TRO, the Court will conduct a hearing on

19 Plaintiff's application for a TRO at 9:00 a.m. on November 6, 2009.

20     Plaintiff shall serve a copy of this Order on Defendants by email and fax by no later than

21 10:00 a.m. on October 26, 2009.

22     **IT IS SO ORDERED.**

24 Dated: October 23, 2009

                                        JEFFREY S. WHITE
                                        UNITED STATES DISTRICT JUDGE